## AUSTIN *v.* UNITED STATES (No. 160).[1]

FRUITS PRESERVED IN SUGAR.

Fruits and berries that are put up in hermetically sealed containers in sirup composed of invert sugar, cane sugar, glucose, dextrose, and levulose in amounts varying from 43.39 to 67.56 per cent of the sirup, constitute fruits preserved in sugar and were dutiable under paragraph 263, tariff act of 1897.

### United States Court of Customs Appeals, February 13, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York
(T. D. 30099).

[Affirmed.]

*B. A. Levett* for appellant.

*D. Frank Lloyd*, Assistant Attorney General (*Wm. A. Robertson* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The importation consists of various fruits and berries put up in hermetically sealed cans which contain, with the fruits and berries, a thick sweet sirup. A chemical analysis of this sirup shows that it is composed of invert sugar, cane sugar, glucose, dextrose, and levulose, aggregating from a minimum of 43.39 to a maximum of 67.56 per cent. The amount of cane sugar alone in the sirup as shown by the same analysis varies from 3.62 to 28.45 per cent. These analyses show the respective percentages after the articles have been imported. The analyst, however, testified, and the board found, that such analyses do not reveal the full percentage of cane sugar that was used in putting up the goods. The respective percentages of dextrose, levulose, and glucose present in the sirup do not appear, neither does it appear what composed the remainder of these sirups above the percentages stated.

The evidence shows that invert sugar is sweet and that glucose is a variety of sugar. Invert sugars are reducing sugars not different in physical appearance from cane sugars, and are sometimes made by treating cane sugar with a ferment or a dilute acid. It also appeared from the evidence that there was some cane sugar existing in the natural fruits which constitute the importation, and that the acid of the fruit would naturally tend to convert some of the cane sugar into invert sugar while the goods were being prepared, especially in the case of those in the lighter-weight sirups.

The board found that the fruits and berries so prepared were excessively sweet, "being preserved in a thick, sweet sirup;" that they were put up in the whole state in glass bottles, in a fancy or showy form pleasing to the view, and sustained the action of the collector in

---

[1] Reported in T. D. 31322 (20 Treas. Dec., 330).

assessing the same under paragraph 263 of the act of 1897, the pertinent parts of which are as follows:

263. Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act.

The appellants contended the same should have been assessed for duty under paragraph 262 of the same act which applies to—

* * * Apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this act. * * *.

The appellants' first claim is that the preservation of these commodities is due chiefly to the fact that they were hermetically sealed.

It appears that the containers were hermetically sealed, and it is obvious that such sealing must contribute to the preservation of the contents. The evidence, however, clearly shows that one of the preservative agents materially contributing to the preservation of the goods was the thick, sweet sirup surrounding the same.

We think that the evidence warranted the finding that the importation was preserved in a thick, sweet sirup and that they are dutiable under paragraph 263, unless we sustain the further claim of the appellants that if found to be preserved in *sirup* they are not preserved in *sugar* within the meaning of the paragraph. In other words, it is claimed that the preservative is *sirup* and not *sugar*, while the paragraph in terms requires the preservative to be *sugar*.

In its last analysis, as we understand it, the claim of the appellants is this: That however great the percentage of sugar in a liquid or sirup which is used as a preservative of goods like these, yet so long as it *is liquid* it can not be held to be sugar within the meaning of paragraph 263.

It is common knowledge that in the last stages of sugar manufacture the evaporation of a relatively slight amount of moisture from a sirup with sufficient time given for the same to cool results in sugar; that is, when the amount of water necessary to hold the sugar in solution is evaporated, crystallization ensues. The appellants' claim would require that a liquid in fact composed of nearly pure sugar should be held not to be sugar within the meaning of the paragraph. The appellants do not suggest any other line of demarcation between sugar and sirup. We decline so to hold and, without attempting to indicate the percentage of sugar or the kind of sugar that must be present in a sirup used as a preservative for fruits and berries, we are clearly of the opinion that the amount shown to be present in this case constitutes sugar within the meaning of paragraph 263.

The decision of the board is *affirmed*.